UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO: 23-01383 MAG |
| ANTONIO IRIZARRY-HERNANDEZ | |
| Debtor(s) | CHAPTER 13 |

**NOTICE OF SUBMITTING AMENDED PLAN DATED July 7, 2023**

TO THE HONORABLE COURT:

COME (S) NOW, debtor(s) through the undersigned attorney and respectfully state(s), allege(s) and pray(s) as follows:

1. Debtor original plan was dated and filed May 8, 2022 (docket #2).

2. That debtor(s) is submitting an amended plan dated July 7, 2023 with this Notice.

3. The propose to amended plan is:

   a. Section 3.7 – To clarify amount to be paid to secured creditor Hatillo Coop (POC 2-1).

   b. Section 4.4 – To clarify amount to be paid to priority creditor IRS (POC 5-1).

   c. Section 4.6 – To clarify the amount to be paid to post confirmation property insurance coverage.

4. That the plan herein attached complies with the provisions of the Chapter 13 and all other applicable provisions of title 11 of the United States Code. The plan has been proposed in good faith and not by any means forbidden by law. The value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claims is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date; and Debtor will be able to make all payments under the plan and to comply with the plan.

WHEREFORE, it is respectfully requested from this Honorable Court to: ORDER THE CONFIRMATION OF DEBTOR(S) PLAN ACCORDINGLY.

## NOTICE:

Within fourteen (14) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law. (2) The requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the court may-in its discretion-schedule a hearing.

WE HEREBY CERTIFY, that on this same date and by regular U.S. Mail, copy of this motion has been sent to Mr. José R. Carrión-Morales, Esq., Chapter 13 Trustee, P.O. Box 9023884, Old San Juan Station, San Juan, PR 00902-3884 and to all interested parties mentioned in attached master address list.

Respectfully Submitted,

In Mayagüez, Puerto Rico, this July 7, 2023.

PUERTO RICO LEGAL ADVISORS, LLC
Attorney for Petitioner(s)
182 Sur Ramón Emeterio Betances
Mayagüez, PR 00680
Tel: (787) 265-1111
Fax: (787) 831-5291
Email: mrplawoffices@gmail.com

ELECTRONICALLY FILED
/S/ Marggie Rodríguez-Pérez
USDC- PR 303608

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO: 23-01383 MAG |
|---|---|
| ANTONIO IRIZARRY-HERNANDEZ | |
| Debtor(s) | CHAPTER 13 |

## NOTICE OF SUBMITTING AMENDED PLAN DATED July 7, 2023

TO THE HONORABLE COURT:

COME (S) NOW, debtor(s) through the undersigned attorney and respectfully state(s), allege(s) and pray(s) as follows:

1. Debtor original plan was dated and filed June 21, 2022 (docket #2).

2. That debtor(s) is submitting an amended plan dated July 7, 2023 with this Notice.

3. The propose to amended plan is:

    a. Section 3.7 – To clarify the amount to be paid to secured creditor Hatillocoop (POC 2-1).

    b. Section 4.6 – To clarify the amount to be paid to post confirmation property insurance coverage.

4. That the plan herein attached complies with the provisions of the Chapter 13 and all other applicable provisions of title 11 of the United States Code. The plan has been proposed in good faith and not by any means forbidden by law. The value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claims is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date; and Debtor will be able to make all payments under the plan and to comply with the plan.

WHEREFORE, it is respectfully requested from this Honorable Court to: ORDER THE CONFIRMATION OF DEBTOR(S) PLAN ACCORDINGLY.

NOTICE:

Within fourteen (14) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law. (2) The requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the court may-in its discretion-schedule a hearing.

WE HEREBY CERTIFY, that on this same date and by regular U.S. Mail, copy of this motion has been sent to Mr. José R. Carrión-Morales, Esq., Chapter 13 Trustee, P.O. Box 9023884, Old San Juan Station, San Juan, PR 00902-3884 and to all interested parties mentioned in attached master address list.

Respectfully Submitted,

In Mayagüez, Puerto Rico, this July 7, 2023.

PUERTO RICO LEGAL ADVISORS, LLC
Attorney for Petitioner(s)
182 Sur Ramón Emeterio Betances
Mayagüez, PR 00680
Tel: (787) 265-1111
Fax: (787) 831-5291
Email: mrplawoffices@gmail.com

ELECTRONICALLY FILED
/S/ Marggie Rodríguez-Pérez
USDC- PR 303608

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

ANTONIO IRIZARRY HERNANDEZ

XXX-XX-2159

Debtor(s)

Case No.: **23-01383** MAG
Chapter 13

☐ Check if this is a Pre-Confirmation amended plan.

☐ Check if this is a Post Confirmation amended plan
Proposed by:
☐ Debtor(s)
☐ Trustee
☐ Unsecured Creditor(s)

☒ If this is an amended plan list below the sections of the plan that have been changed.

3.7
4.4
4.6

PR Local Form G
**Chapter 13 Plan dated** 07/07/2023

## PART 1 - Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

In the *following notice* to creditors, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **The headings contained in this plan** are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

**If a claim is withdrawn by a creditor or amended to an amount less than the amount already distributed under the plan on account of such claim:** (1.) The Trustee is authorized to discontinue any further disbursements to related claim; (2.) The sum allocated towards the payment of such creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. (3.) If such creditor has received monies from the Trustee (Distributed Payments), the creditor shall return funds received in excess of the related claim to the Trustee for distribution to Debtor's remaining creditors. (4.) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## PART 2- Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| **$170.00** | 12 | **$ 2,040.00** | |
| **$512.00** | 48 | **$24,576.00** | **DEBTOR EXPECTS THAT THE INCOME INCREASE.** |
| | | | |
| | | | |
| | | | |
| | | | |
| | 60 | **$26,616.00** | |

Insert *additional lines if* needed

If fewer than 60 months of payments are specified. additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*

☒ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

## PART 3- Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☒ None. If *"None"* is checked, the rest of § 3. 1 need not be completed or reproduced.

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | | | |

| Name of Creditor | Collateral | Current Installments Payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | | | |
| Name of Creditor | Collateral | Current Installments Payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | | | |

Insert *additional claims* as needed.

3.2  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part I of this plan is checked.*

☐ *The* debtor(s) request *that the court determine the value* of *the secured claims listed below.* For *each non-governmental secured claim* listed *below, the* debtor(s) state *that the value* of *the secured claim should* be *as set out in the column headed Amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim will retain the lien on the property* interest of *the debtor(s) or the estate(s) until the earlier of:*

*(a) Payment* of *the* underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Claims | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |

Insert additional claims as needed.

3.3 **Secured claims excluded from 11 U.S.C.. § 506.**

Check one.

☒ **None.** *If "None"* is checked, the rest *of § 3.3* need not be completed or reproduced.

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly Plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | | | **Disbursed by:** ☐ Trustee ☐ Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly Plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | | | **Disbursed by:** ☐ Trustee ☐ Debtor(s) | |

Insert additional claims as needed.

3.4 **Lien Avoidance.**

Check one.

☒ **None.** *If "None"* is checked, the rest *of § 3.4* need not be completed or reproduced.
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C.. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C.. § 522(f) and Bankruptcy Rule 4003(d). If *more than one* lien is to be avoided, provide *the information separately* for each lien

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor _____ Collateral _____ | a. Amount of lien | $ _____ | Amount of secured claim after avoidance (line a minus line f) $ _____ |
| | b. Amount of all other liens | $ _____ | |
| | c. Value of claimed exemptions + | $ _____ | Interest rate |
| | d. Total of adding lines a, b and c | $ _____ | _____ % |
| | e. Value of Debtor's interest in property | $ _____ | |

| Lien identification (such as judgment date, date of lien recording, book and page number) | | Monthly on secured claim |
|---|---|---|
| | f. Subtract line e from d. $ | $ |
| | Extent of exemption impairment | Estimated total payments on secured claim |
| | (check applicable box) | $ |
| | ☐ Line f is equal to or greater than line a.<br>The entire lien is avoided (Do not complete the next column.) | |
| | ☐ Line f is less than line a.<br>A portion *of* the lien is avoided. (Complete the next column.) | |

Insert *additional lines* as needed.

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None"* is *checked, the* rest *of § 3.5* need not be completed or reproduced

[X] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C.. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of creditor** | **Collateral** |
|---|---|
| COOP A/C SAN RAFAEL | SAVINGS AND SHARES INTEREST |
| COOP A/C HATILLO | SAVINGS AND SHARES INTEREST |
| AEELA | SAVINGS AND DIVIDENDS |

Insert *additional claims* as needed.

3.6 **Pre-Confirmation Adequate Protection Monthly Payments ("AMP") to be paid by the trustee.**

[X] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name *of* Secured Creditor | $ Amount *of* APMP | Comments |
|---|---|---|
| COOP A/C HATILLO | $151.42 | |
| | | |
| | | |
| | | |

Insert *additional claims* as needed.

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7 **Other Secured Claims Modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the* rest *of § 3.7* need not be completed or reproduced.

☒ Secured Claims listed below shall be modified pursuant to 11 U.S.C.. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling

| Name of creditor | Claim ID# | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property Taxes (Escrow) | Property Insurance (Escrow) | Total monthly Payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| COOP A/C HATILLO | 2-1 | $ 16,167.09 ☒ To be paid in full 100% | ___% | ___ | $___ | $___ | $___ | $___ | $ 16,167.09 |
| CASHMAX | 6-1 | $ 578.95 ☒ To be paid in full 100% | ___% | ___ | $___ | $___ | $___ | $___ | $ 578.95 |
| _____ | ___ | $___ ☐ To be paid in full 100% | ___% | ___ | $___ | $___ | $___ | $___ | $___ |

Insert *additional claims* as needed.

# PART 4- Treatment of Fees and Priority Claims

4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one*

☒ Flat Fee: Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1 (f)

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney's fees paid pre-petition $ _____

Balance of attorney's fees to be paid under the plan are estimated to be: $ _____

If this is a post-confirmation amended plan, estimated attorney's fees: $ _____

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☐ **None.** *If "None" is checked, the* rest *of § 4.4* need not be completed or reproduced.

☒ The Debtor(s) estimate the total amount of other priority claims to be **$ 4,107.67**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| IRS | $ 3,453.12 |
| FONDO DEL SEGURO DEL ESTADO | $ 654.55 |
|  | $ |
|  | $ |

Insert *additional claims* as needed.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☒ None. *if "None*" is *checked, the* rest *of § 4.*5 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C.. § 1322(a)(4). This plan provision requires that payments in § 2.1 before a term of 6O months; see 11 U.S.C.§1322(a)(4).

| Name of creditor | Estimated amount of claim to be paid |
|---|---|
|  | $ |
|  | $ |
|  | $ |
|  | $ |

Insert *additional claims* as needed.

4.6 Post confirmation property insurance coverage

*Check one.*

☐ None. *If "None*" is *checked, the* rest *of § 4.*6 need not be completed or reproduced.

☒ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| COOP A/C HATILLO | EASTERN AMERICA INSURANCE | 09/2026 | $ 54.00<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s)<br>$ | $ 702.00<br><br><br><br>$ |
|  |  |  | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |

Insert *additional claims* as needed.

# PART 5- Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid. pro rata. If more than one option is checked. the option providing the largest payment will be effective. *Check all* that apply.

☐ The sum of $_____

☐ _____ % of the total amount of these claims, an estimated payment of $_____

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7. nonpriority unsecured claims would be paid approximately $_____

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The Debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |
| _____ | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |

Insert *additional claims* as needed.

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid pro rata) | Amount to be paid on the claim (if applicable) | Interest Rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|---|
| _____ | _____ <br> _____ <br> _____ <br> _____ | ☐ In full - 100% <br> ☐ Less than 100% <br> ☐ Paid by co-deblor <br> ☐ Other (explain) | $ _____ | _____ % | $ _____ |
| _____ | _____ <br> _____ <br> _____ <br> _____ | ☐ In full - 100% <br> ☐ Less than 100% <br> ☐ Paid by co-deblor <br> ☐ Other (explain) | $ _____ | _____ % | $ _____ |

*Insert additional claims as needed.*

# PART 6- Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

   *Check one.*

   ☒ **None.** *If "None" is checked,* the rest *of § 6. 1* need not be completed or reproduced.

   ☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____<br>_____<br>_____ | $ _____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $ _____ | $ _____ | $ _____ |
| _____ | _____<br>_____<br>_____ | $ _____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $ _____ | $ _____ | $ _____ |

Insert *additional claims* as needed.

# PART 7- Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the debtor(s) upon**

   *Check the* applicable box:

   ☐ plan confirmation.
   ☒ entry of discharge
   ☐ other: _____

7.2 **P l an Distribution by the Trustee will be in the following order:**
   *(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

   1 - Distribution on Adequate Protection Payments (Part 3, Section 3.6)
   1 - Distribution on Attorney's Fees (Part 4, Section 4.3)
   1 - Distribution on Secured Claims (Part 3, Section 3.1) - Current contractual installment payments
   2 - Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
   2 - Distribution on Secured Claims (Part 3, Section 3.7)
   2 - **Distribution on Secured Claims (Part 3, Section 3.1) - Arrearage payments**
   3 - Distribution on Secured Claims (Part 3, Section 3.2)
   3 - Distribution on Secured Claims (Part 3, Section 3.3)
   3 - Distribution on Secured Claims (Part 3, Section 3.4)
   3 - Distribution on Unsecured Claims (Part 6, Section 6.1)
   4 - Distribution on Priority Claims (Part 4, Section 4.4)
   5 - Distribution on Priority Claims (Part 4, Section 4.5)
   6 - Distribution on Unsecured Claims (Part 5, Section 5.2)
   6 - Distribution on Unsecured Claims (Part 5, Section 5.3)
   7 - Distribution on General Unsecured claims (Part 5, Section 5.1)

   **Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C.. § 586(e)(2)**

## PART 8- Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.** *The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.2 - THIS SECTION MODIFIES LBF-G, PART 2, SECTION 2.3; INCOME TAX REFUNDS TO BE USED TO FUND THE PLAN: TAX REFUNDS WILL BE DEVOTED EACH YEAR, AS PERIODIC PAYMENTS, TO FUND THE PLAN UNTIL THE PLAN'S COMPLETION. THE TENDER OF SUCH PAYMENTS SHALL DEEM THE PLAN MODIFIED BY SUCH AMOUNT, INCREASING THE BASE WITHOUT THE NEED OF FURTHER NOTICE, HEARING OR COURT ORDER. IF THE DEBTOR(S) NEED(S) TO THE USE ALL OR PORTION OF SUCH "TAX REFUNDS", DEBTOR(S) SHALL SEEK COURT'S AUTHORIZATION PRIOR TO ANY USE OF FUNDS.

8.3 - THIS SECTION MODIFIES LBF-G, PART 3: RETENTION OF LIEN: THE LIEN HOLDER OF ANY ALLOWED SECURED CLAIM, PROVIDED FOR BY THE PLAN, IN ITS PART 3, WILL RETAIN ITS LIEN ACCORDING TO THE TERMS AND CONDITIONS REQUIRED BY 11 USC 1325 (a) (5) (B) (i) (I) & (II).

*Insert additional lines as needed.*

## PART 9- Signature(s)

/s/ Marggie Rodríguez Pérez  **Date** JULY 7, 2023
**Signature of attorney of Debtor(s))**
182 SUR RAMÓN EMETERIO BETANCES, MAYAGUEZ PR 00680
Tel 787 265-1111/ FAX 787-831-5291
Email: mrplawoffices@gmail.com

/S/ ANTONIO IRIZARRY-HERNANDEZ  **Date** JULY 7, 2023

**Date**

**Signature(s)** *of Debtor(s)* **(required** *if* **not represented by an attorney; otherwise optional)**

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.



**EASTERN AMERICA INSURANCE COMPANY**
P.O.Box 9023862 San Juan, PR 00902-3862
Tel: (787) 774-9211    Fax: (787) 774-8909

Quote ID:     39654
**AMENDED**

## PREMIUM CALCULATION

| | |
|---|---|
| Date requested: | 6/30/2023  10:33:46AM |
| By: | eMail |
| Debtor: | ANTONIO IRIZARRY HERNANDEZ |
| Join debtor: | |
| Case #: | 2301383 |
| Esq.: | MARGGIE RODRIGUEZ PEREZ |

| | | | |
|---|---|---|---|
| Manufacturer: | NISSAN | Model: | VERSA |
| Year: | 2019 | VIN #: | 3N1CN7AP7KL855046 |
| Lienholder: | HATILLO COOP | Loan: | |
| Balance: | $16,167.00 | File Date: | 05/08/2023 |
| | | Maturity Date: | 09/01/2026 |

$54.00    **(MONTHLY PREMIUM 13 MONTHS).**

**TOTAL ESTIMATED COVERAGE IS:**            $702.00



**MASTER ADDRESS LIST**

ANTONIO IRIZARRY HERNANDEZ
BRISAS TOKIO II
30 CALLE BASORA
APTO 133
LAJAS, PR 00667

CITIBANK NA
5800 S CORPORATE PL
SIOUX FALLS, SD 57108-5027

HOME DEPOT CREDIT SERVICE
PO BOX 70600
PHILADELPHIA, PA 19176-0600

MARGGIE RODRIGUEZ-PEREZ
PUERTO RICO LEGAL ADVISORS, LLC
182 SUR RAMON EMETERIO BETANCES
MAYAGUEZ, PR 00680

COOP A/C HATILLO
PO BOX 95
HATILLO, PR 00659

HOME DEPOT CREDIT SERVICE
PO BOX 790328
SAINT LOUIS, MO 63179

AEELA
PO BOX 70290
SAN JUAN, PR 00936

CORPORACION DEL FONDO DEL SEGURO DEL ESTADO
PO BOX 365028
SAN JUAN, PR 00936-5028

HOME DEPOT CREDIT SERVICE
PO BOX 790393
SAINT LOUIS, MO 63179

AEELA
PO BOX 362766
SAN JUAN, PR 00936-2766

DEPARTAMENTO DE LA VIVIENDA
PO BOX 21365
SAN JUAN, PR 00928-1365

HOME DEPOT CREDIT SERVICE
5800 SOUTH CORPORATE PLACE
SIOUX FALLS, SD 57108

CAPITAL ONE
PO BOX 71087
CHARLOTTE, NC 28272-1087

FFI HOLDINGS INC
LA FAMILIA PAWN
1200 JESUS T PINERO AVE
SAN JUAN, PR 00921

INTERNAL REVENUE SERVICE
PO BOX 1235
CHARLOTTE, NC 28201-1235

CAPITAL ONE
PO BOX 71083
CHARLOTTE, NC 28272-1083

FFI HOLDINGS PUERTO RICO INC
LA FAMILIA CASA EMPENO
365 SAN FRANCISCO STREET PENTHOUSE
OLD SAN JUAN, PR 00900-1000

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

CAPITAL ONE / WALMAR
PO BOX 31293
SALT LAKE CITY, UT 84131

FFI HOLDINGS PUERTO RICO INC
2600 LUCIENT DRIVE
SUITE 116
MAITLAND, FL 32751

INTERNAL REVENUE SERVICE
2970 MARKET ST STOP 4-N31.14
PHILADELPHIA, PA 19104

CASHMAX
360 AVE 65 INFANTERIA
SAN JUAN, PR 00926

FFI HOLDINGS PUERTO RICO INC/LA FAMILIA
CASA EMPENO / POPULAR CENTER BLDG 19TH
FLOOR SUITE 1901, 209 MUNOZ RIVERA AVE
SAN JUAN, PR 00918

LA FAMILIA PAWN
URB SULTANA
CALLE TENERIFE ESQUINA ANDA
MAYAGUEZ, PR 00680

CASHMAX
1109 AVE JESUS T PINERO
URB PUERTO NUEVO
SAN JUAN, PR 00920

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANA
PO BOX 191020
SAN JUAN, PR 00919-1020

LA FAMILIA PAWN
URB SULTANA
CALLE TENERIFE ESQUINA ANDA
MAYAGUEZ, PR 00680

LUIS N. NAZARIO MALDONADO
URB GARCIA
NO 62 CALLE 15
ARECIBO, PR 00612


LUMA ENERGY
REVENUE PROTECTION
PO BOX 364267
SAN JUAN, PR 00936


PUERTO RICO DEPARTMENT OF LABOR
COLLECTION UNIT 12 TH FLOOR
PO BOX 195540
SAN JUAN, PR 00919


PUERTO RICO DEPARTMENT OF LABOR
COLLECTION UNIT 12TH FLOOR
PO BOX 195540
SAN JUAN, PR 00919


SAN RAFAEL COOP
PO BOX 1531
QUEBRADILLAS, PR 00678